UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL WILLIAMS,<br>  Plaintiff | § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:09-cv-1585 |
| PALISADES COLLECTION, LLC,<br>  Defendant | § § § § | JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Carl Williams, Plaintiff in the above-numbered and styled case, complaining of and against Palisades Collection, LLC and for cause of action would respectfully state the following:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et. seq.* (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.40 *et. seq.* (hereinafter "DTPA"), which prohibits deceptive acts or practices in the conduct of any trade or commerce.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claim is afforded by 28 U.S.C. § 1367.  Venue in this district is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.   Plaintiff, Carl Williams, is an individual residing in Baytown, Harris County, Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

4.  Defendant Palisades Collection, LLC (hereinafter "Palisades"), is a New Jersey corporation engaged in the business of collecting debts in this state with its principal place of business located at 210 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632-2524. The principal purpose of Palisades is the collection of debts using the telephone and mail, and defendant Palisades regularly attempts to collect debts alleged to be due another. Defendant is registered with the Secretary of State in Texas and may be served with process through its registered agent, Corporation Service Company DBA CSC-LAWY, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

5.   Defendant Palisades is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.   Defendant Palisades is "debt collector" as defined by the TDCA, Tex. Fin. Code § 392.001(6).

### IV.  FACTUAL ALLEGATIONS

7.   On or about November 9, 2008, Defendant Palisades sued Plaintiff for an obligation with AT&T for a wireless telephone account that was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Tex. Fin. Code § 392.001(2).  The collection suit was filed under the style of *Palisades Collection, LLC Assignee of AT&T v. Carl Williams*, Cause No. CV22C0020040 in the Justice Court, Precinct 2, Place 2, Harris County, Texas.

8.   Plaintiff Williams hired counsel to defend him in the collection suit.  Through counsel, Williams asserted that Palisades' case was stale and therefore barred by the applicable statutes of limitations.

9. On or about April 23, 2008, Palisades sent written discovery requests directly to Carl Williams, despite its knowledge that Mr. Williams was represented by counsel.[1]

10. On or about July 10, 2008, the parties filed a motion to dismiss their claims with prejudice as to refiling. Judge Risner entered an order of nonsuit with prejudice on July 14, 2008.

11. On or about August 29, 2008, Defendant Palisades through its employee, agent, assignee and/or collector First National Collection Bureau, Inc., contacted Plaintiff in an effort to collect this debt.

12. On or about August 29, 2008 Defendant called Plaintiff's wife through its employee, agent, assignee and/or collector First National Collection Bureau, Inc. in an attempt to collect this debt.

### *Summary*

13. The above-described collection communications made to Plaintiff by Defendant Palisades were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692d, and 1692e(10), and multiple provisions of the TDCA, including but not limited to Tex. Fin. Code §§ 392.302(4) and 392.304(5) amongst others.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, anxiety, emotional distress, fear, and frustration amongst other negative emotions.

**V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff incorporates paragraphs 1-14 above.

---

[1] While the FDCPA's one year statute of limitations may render certain of the Defendant's April 2008, debt collection misconduct inactionable, evidence of that misconduct is alleged for purposes of, and is relevant to, establishing whether the debt collection abuse occurring within the limitations period was part of an abusive or harassing pattern. Pittman v. J.J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609 (D.Nev. 1997).

16. Defendant Palisades violated the FDCPA by contacting Plaintiff despite knowledge that Plaintiff was represented by counsel in violation of 15 U.S.C. § 1692c(a)(2).

17. Defendant Palisades violated the FDCPA by misrepresenting the debt was still collectable in violation of 15 U.S.C. § 1692e(10).

18. Defendant Palisades violated the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

24. Plaintiff incorporates paragraphs 1-14 above.

25. Defendant Palisades violated the TDCA by misrepresenting the status of the debt as owing in violation of Tex. Fin. Code § 392.304(8).

26. As a result of these violations of the TDCA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

27. Because violations of the TDCA constitute deceptive trade practices under Tex. Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et. seq.*  Furthermore, because the Defendant acted knowingly and/or intentionally, under the DTPA, Plaintiff is entitled to treble damages.

## VII.  JURY DEMAND

28. Plaintiff demands a jury trial.

## VIII.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d) including fees in the event of appeal;

D.  Treble damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

E.  Such other and further relief as may be just and proper.

Respectfully submitted,

 /s/ Dana Karni_____
DANA KARNI
Karni Law Firm, P.C.
State Bar No. 24044379; SDTx ID 592484
4635 Southwest Freeway, Suite 610
Telephone: 713-552-0008
Facsimile:   713-454-7247
DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFF